C. 319-0701 Wells Fargo Bank, N.A. v. John Coghlan, N.A. v. Nancy Coghlan et al. Counsel, can you hear the court? Is your audio on? Yes, your honor. Okay, very good. Mr. Coghlan, is it? It's Coghlan, your honor. Coghlan, excuse me. Mr. Coghlan, you may proceed. Thank you, Judge. Your honor, this is an appeal from the Circuit Court of Kankakee County granting a motion for summary judgment to the plaintiffs on a mortgage foreclosure action. This is actually the second go-round for the plaintiffs in that in 2011, they had filed the same case, same complaint that was subsequently the defendants received judgment and a motion for summary judgment in 2014. Based on lack of standing, right? Correct, based on lack of standing, but unlike much of the case where those standing arguments come in, those usually come in early on in a motion to dismiss. Here, what occurred was that there was a motion for summary judgment, which is different. And after hearing, ultimately, the summary judgment was granted. In the original complaint or the original answer to the complaint. And when a judgment is answered, all of those issues should have been resolved at that point in time. The plaintiffs... Let me ask you a question. Since that time, has your client made any payments? No. So it's your position that because the bank standing at that time, your clients get a free house? Well, it's our position that that case was done with. That perhaps they might have some sort of subsequent... If they had some expenses or something like that, that they wanted to come back for, that might be a different action. But yes, in fact, the house is over with that particular part of the litigation is over with because it summary judgment. It should be noted that at any point in time, during the first proceeding, when the standing was raised as an issue, the plaintiffs had the option of taking a voluntary non-suit. They could have done that up until the day of the final ruling by the court, and they did not do that. They made a conscious decision to go through to the end and to have a national bank case that we've cited. It indicates that a res judicata bar should be decided not only for the issue decided, but any other issues that may have been decided. It's our position that when you receive judgment on the pleadings, which is what occurred, that all of those things that were denied in the answer are in fact decided. In fact, all of the paperwork, everything that was filed, all of the notes and everything were for the money store, not for Wells Fargo. All of those issues were decided in that case. I believe that the big argument that the plaintiffs have made is that it was not a final judgment. It was not a final decision, but according to Supreme Court Rule 273, if an order of dismissal or a statute of the state that otherwise specifies an involuntary missile of an action, other than for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication on the merits. Their whole argument in this has been there was no adjudication in the merits. There was in fact an adjudication in the merits in 2011. And what was that adjudication, Mr. Coughlin? Pardon? What was that adjudication on the merits? What were the merits and what was the adjudication? The merits were that at the time of the filing that they did not have standing. The merits are that in the judgment, in the judgment in the answer to the complaint, the plaintiffs denied that in fact that the money store or that Wells Fargo was the holder of the property, that they didn't have the note, that they didn't have any of those things. And all of those things in fact were decided by that motion for summary judgment. So you're saying that's a bar subsequently to Wells Fargo to make those same claims against you now? That's correct, Judge. So arguably Wells Fargo, if someone wants to buy that note, can bring a suit, right? Pardon? Well, I'm back to Justice Smith's question as to whether or not the defendants here can ever be sued in court subsequently. Not by Wells Fargo. Okay, so I'm back to my point. If Wells Fargo can find a buyer for that note, someone wants to buy that note, then they can go and bring a suit. Is that what you're saying? Well, no. What I'm saying is that if Wells Fargo sold the note to somebody and somebody came in and they could prove all of the subsequent issues, then they could bring a suit. We of course would defend in the same fashion that it was over with originally. Oh, okay. So you're going to say it's raised through the cotta. That's correct. That's our argument is that it's residue to cotta. So in answer to Justice Smith's question, yes, your perspective is that the defendants in this case owe nothing. Correct. That's correct. And then they would proceed to clear title, right? Ultimately, I believe so. But that would be an issue. Clear title would be an issue that a title company would have to deal with. Clear title would not be, we would contend that it would be a buyer, but that's something that's really not before the court. Oh, it's the big picture, Mr. Coughlin. Pardon? It's the big picture. Yes, sir. I understand. Okay. Thank you. Mr. Coughlin, I've got a question too. Is it your position that defaults subsequent to the earlier determination are not capable of being sued on by Wells Fargo? In other words, you, you, you answered Mr. Justice Schmidt that there had not been any since the first lawsuit, right? Correct. Okay. So it's your position that Wells Fargo could not bring an action now for the defaults subsequent to the first action? Yes, it is. Because we believe that the issue, one of the issues all along has been that there was a denial that Wells Fargo was the holder of the mortgage and the holder of the note. And that was raised in the, in the first answer. And that was, and that was also determined by the, by the summary judgment in that all of those things were raised. All of those things were answered originally denying all those things. And when you get the summary judgment on the pleadings, that's it. It's not like a motion to dismiss. Well, let me, you're raising race is you got the same facts, isn't that right? That's correct. And the facts aren't the same because Wells Fargo now holds the note. Isn't that right? Well, we disagree. We, we, we deny that they actually hold the note. Well, that's a matter of proof, isn't it? That's correct. And that, and actually, actually, Justice, that's the second part of our, that's the second part of our, our appeal, uh, which is that, that the, uh, that granting of their motion for summary judgment was inappropriate in the, uh, our main argument is that it was residue to cop. But our second argument is that in the second case that it was raised by the plaintiff, by the defendants that, uh, was a fraud on my heart on behalf of, uh, Wells Fargo in that, uh, in that the assignment of mortgage was, was not done, uh, as, as presented, but in fact that the individual, uh, that signed the assignment of mortgage was a, was a, uh, uh, was not the from W E S, which was the holding but was in fact an employee of Wells Fargo. Uh, and, and, uh, and that, uh, it was a very specific plea in which the denial was that, uh, that assignment was done by an individual, uh, and excuse my pronunciation by wildlings Yang, who represented that he was a vice president for WES holding, uh, in fact, that that individual was a, uh, employee of Wells Fargo and that that transfer of that assignment was fraudulent. Um, it's a very specific allegation. Uh, and when it came down for summary judgment, what proof of that did you put on? Well, we never got, we never got to a chance. We had a verified answer. We had no, we had no opportunity to provide proof. Uh, it was done purely on the pleadings and ask for a hearing. Did you ask for a hearing on that? Not on that? No, we did that as part of the argument, your honor. Okay. The, but, and the main reason being that in a, uh, in their motion in emotion for summary judgment is that a well pleaded fact isn't fact considered true for purposes of this. Uh, what, what we had proposed was that the summary judgment should be denied and we should have the opportunity to try this case, uh, based on the fact that, that, uh, that was a wealth pleaded fact that, that it was, uh, that it's presumed to be true. And if that fact is true, then Wells Fargo does not have, is not the holder of the mortgage and the note that in fact, it was a fraudulent transfer. And that particular fact is presumed to be true pursuant to, you know, that's the, that is the, that's the main basis of our complaint of our appeal. But I think it also should be indicated, noted your honors that we raised the fraud issue, uh, on the assignment throughout this case, the plaintiffs here have made, uh, three misrepresentations to the court that is there in the record. Number one, uh, they came in in, uh, uh, they came in after summary judgment. And after they did not appeal the summary judgment, which they could have done, they came in and without notice had a voluntary dismissal order be signed that, that was subsequently vacated by the, by the court, uh, as the court didn't have number one, have jurisdiction because it was more than 30 days after the final judgment. Uh, but again, when Wells Fargo was going forward with a motion for summary judgment, they pres they represented to the court that it wasn't, it wasn't a judgment. It wasn't a granting of a summary judgment that it was a, it was a voluntary not suit. And I thought we were done with that. But then if you look at the defend or the plaintiff's brief here, they raise it again. They say that in May of, uh, uh, 2015, that they received the voluntary not suit. That's, that's a misrepresentation to the court by, by Wells Fargo. And in fact, that, that goes along with the theory all along that that was a fraudulent transfer of the, of the assignment of the note mortgage, uh, that there's been alleged all along with all of those factors, your honors. Uh, we believe that the, the, uh, that the judgment of the court was, it was, was inappropriate that the, uh, that the, uh, complaint should have been dismissed on the motion to dismiss for res judicata that if the court does not believe that that's the case at the very least, the matter should be remanded for trial on the issue as to whether or not, uh, the assignment, the assignment was a fraudulent assignment. Um, and that, uh, uh, we believe that the matter should be reversed. All right. Just to be clear. One thing you, you, it's clear that your, your client is in default hadn't made the payments. Is that right? That's correct. Okay. Thank you. Okay. Thank you, Mr. Codman. Uh, you'll have time in reply. Uh, Mr. Yingling, uh, you may respond. Yes. Good morning. Patrick Yingling for Appley Wells Fargo bank. Um, I will of course address the specific points raised by Mr. Coghlan, but I think it's important initially to acknowledge that for at least the last 45 years, Illinois Supreme court precedent has been clear that a res judicata, the citation for that is people X rel Scott, the Chicago park district 66, Illinois. Second 65 year, 1976 there in Scott, a defendant made the argument that in a prior suit, um, the plaintiff's action was dismissed on standing ground. And that was res judicata. That was an adjudication on the merits. The Illinois Supreme court addressed that and stated quote, when a cause of action is dismissed by this court on the ground that a plaintiff lacks standing, it is not necessary for the court to consider the substantive issues involved. Thus the dismissal of the suit brought by plaintiff because he lacks standing did not Mr. Coghlan raises some specific points of argument. Um, the first thing I heard him say was that summary judgment is different when we're talking about this analysis of adjudication on the merits. Well, the Illinois Supreme court said differently in a case called downing the Chicago transit authority. Citation is one six two Illinois. Second 70 year, 1994. Did you cite that in your brief? It is, it is not cited in our brief. In fact, that case though is cited in Mr. Coghlan's brief. Um, I'm just raising that point now. I'm not sure exactly that Mr. Coghlan raised this specific point about summary judgment being different. Oh, but I mean the site, the site is in the briefs, is it not? It is in the brief, you'll be able to find downing in the briefs. Well, um, a lot simpler, I think an oral argument than giving us all of this site just directly. That's right, your honor. Don't eat up your time with it. Okay, sure. All right. Now, um, the, the other point you raised was LaSalle national and this concept that, um, res judicata applies to any issues that may have been decided in the case. Well, that's true, but that's only the case if there is first an adjudication on the merits and here, based on the case that I just cited and what we know of rulings on standing, there is not an adjudication on the merits. And then I think that the third big point that Mr. Coghlan raised is this rule two 73. He contends that rule two 73 compels a result different than what the Illinois Supreme Court has, uh, has held all these years. Um, it doesn't for reasons I will touch on, but I want the court to know that it does not need to dig deep into these issues because it can resolve this rule two 73 issue very simply on two grounds. Um, first Mr. Coghlan never raised rule two 73 to the circuit court, um, waiver and forfeiture principles exist precisely to prevent this type of situation. It's not fair to this circuit court to, for a party on appeal to say that the circuit court did not consider a particular rule when the party did not cite or advocate for that circuit court to apply that particular rule. Um, the second one is that rule two 73 does not apply to summary judgment rulings as Mr. Coghlan. What is rule two 73? Right. So it is a rule. I'll, I'll, um, I'll, I'll state it here for the court. Unless the order of dismissal or a statute of this state otherwise specifies an involuntary dismissal of an action other than a dismissal for lack of jurisdiction for improper venue or for failure to join an indispensable party operates as an adjudication upon the merits. Now, um, the Illinois Supreme court addressed this language, um, also in the downing case that we discussed earlier. Um, and this is what, and this is what it stated as it specifically states will two 73 applies only to an involuntary dismissal of an action such as what occurs when motion to dismiss under section 2615 or section 2619 of the code of civil procedure is granted. A summary judgment is not an involuntary dismissal. So in that case, the court held that rule two 73 has no application when we're looking at a summary judgment ruling. And here it is undisputed that the prior ruling here was at summary judgment. Now, even if we were to, to put these initial threshold pieces aside, it's still the case that rule two 73 does not compel a result that is different than Illinois Supreme court precedent. And it's precisely because of the plain language of the rule, um, which has an exception for orders dismissals based on jurisdiction. Um, a standing dismissal to the extent that it is a dismissal is a within the exception of the rule to two cases, um, that actually aren't cited in the briefing. But, um, so I'll give the citation for them right here. Um, this court's decision and Helmick, the JFK two 41 Illinois app third six 53 year 1993, the court stated the standing of a litigant is one of the components of the court's subject matter jurisdiction. Also, the Illinois Supreme court stated very similarly in a case called LeBron, the Gottlieb Memorial hospital two 37 Illinois, second two one seven year 2010. Um, so finally, uh, with respect to res judicata, this was a point that was touched on by justice Schmidt. Um, although the circuit court resolved this challenge because there was no adjudication on the merits, it could have resolved the challenge on other grounds. Specifically, there is no identity of a cause of action because the facts are different. Um, in fact, this court addressed this kind of same identity of cause of action issue in subsequent foreclosure cases. In the case of Wells Fargo Bank, the Norris, and I'm sorry, once again, it's not cited in the briefing, but the citation is 2017 Illinois app third 150764. Uh, in that case, it held that the second foreclosure suit, um, was not barred by the first foreclosure suit because there were different facts involved. In particular, the plaintiff involved relied on a different document, and there were different amounts that will do. Um, finally, I will address the other aspect of this appeal. As Mr Coughlin asserted, the summary judgment ruling and this notion that, um, Weiland Zhang is not who he says he is. There is no evidence in the record that could possibly support a disputed material fact on this issue. In fact, in Mr Coughlin's brief, the only sites to see 1 29, which is the answer to complaint in which he states on information and belief, Weiland Zhang was not vice president at WES holding, but was a loan servicing specialist for plaintiff end quote. Now on information and belief statement without any other evidence in the record is not sufficient to survive summary judgment. Many courts have addressed this. One court in particular has, uh, some nice language. This is from the first district where they say that in in interest of E. L. Sorry again. 1 52 Illinois at 3rd 25 1987 is a well established principle of law that supporting documents opposing a motion for summary judgment must recite facts and not mere conclusions or statements based on information and believe with all that. Um, unless there was that case in your briefs. That case I do not believe is in the briefs, Your Honor. Uh, should it? Should it have been? Well, uh, I think the relevant point is that the concept is argued in there. And of course, we can add other cases. Yeah. Yeah. And how do you add those other cases that you've done your briefing? Well, if, um, if there's a situation where the case is new, obviously we could do a supplement to the court in this situation where I'm just providing other cases that support the arguments that we make in the brief where this court's ability to make sure to see if the circuit court did properly rule in this instance. I'm providing another case for the court to, um, to see that the circuit court was right in its decision. That is, um, here. I'll happily, um, can propose grounds for affirmance that are in addition to what the circuit court has. Um, and I am at this moment. We did propose that in, um, in our brief. And now I am proposing additional cases that also support that argument. Um, this court can affirm on any of these bases that it feels are supported by the record. Um, unless there are further questions, um, I'll rest on, uh, the arguments in the briefing and respectfully request that this court affirm, um, the lower court ruling. Okay. I don't believe there are any further questions, Mr. Englund. Um, Mr. Coughlin, you may judge, um, judge the Eppley in his arguments has cited to people. Xrel Scott Helmig Helwig, I think it was versus JFK LeBron versus Gottlieb Wells Fargo Bank versus Norris. Um, I believe, and maybe, and I believe another case, none of which were presented in their brief, uh, they're pulling cases out here, uh, an argument, which is inappropriate. Those cases should not be considered by the court for purposes of the argument. Um, as far as the rule two 70 S that rule two 73 was not brought up before the trial court that does not affect the, uh, concept of, uh, the underlying fact that you had a final judgment, uh, that, uh, that the, uh, that, although that rule two 73 was not presented to the trial court, the, the, uh, the argument that, that, uh, the case was, uh, residue to residue to kind of applies and that it's a final judgment. The underlying, uh, facts are supported by that. The fact that it was not raised to the trial court does not mean that, that, uh, it still was not residue to kind of that it was that the summary judgment, which in fact is different than a, uh, a, uh, uh, motion to dismiss that residue to kind of applies because it was summary judgment. Um, that I believe is, is the law. And if you've got, if you've got a case that says that I'm sorry, do you have some case law that says that that says, says what judge that somebody just said that, uh, that because it was a summary judgment, as opposed to a, uh, motion to dismiss the race and ratio to kind of, uh, applies. Judge, I believe that the case, the cases that we cited for purposes of the, uh, or residue to kind of nothing, nothing that was specific to that judge. No. We, um, based on the fact that the, the app, uh, Appley is raising case law that, that was never raised in the brief and we didn't have an opportunity to defend against. Um, we believe that should not be considered, um, that what we have here is, uh, a, uh, something that I have not, I did not find any case law, quite frankly, where you had a case that actually had gone to judgment. What you, what you had in numerous occasions were cases where either a motion to dismiss was granted, uh, or somebody had taken a voluntary nonsuit. Uh, but that's not the case here. These are, these are different facts than the, than the case, the case law in that, uh, here it actually went to summary judgment here. It was a final judgment because it's a summary judgment. That's not, that's not the same thing as a motion to dismiss. Um, and based on all of those reasons, your honors, we believe that, uh, uh, the circuit court should be reversed and, uh, uh, thank you for, thank you for your time. If there's any questions, I'll be, I would rest. Um, no questions. No, no, no questions. Uh, thank you, Mr. Coughlin and Mr. Yingling for your arguments in this matter. This morning, it will be taken under advisement written disposition trial issue. Uh, our clerk will exit you from, uh, from the court here remotely. And, uh, thank you again for your arguments.